[Cite as *State v. Kauffman*, 2021-Ohio-1584.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 109579

    v.                                    :

JASON KAUFFMAN,                        :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** May 6, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640621-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forcione and David Elias, Assistant Prosecuting Attorneys, *for appellee.*

Law Offices of Eric L. Foster, and Eric L. Foster, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Jason Kauffman appeals his conviction. Upon review, we affirm the judgment of the trial court, but we issue a limited remand to the trial court

for the issuance of a nunc pro tunc entry that deletes the firearm specifications from the sentencing entry.

**Background**

{¶ 2} On June 5, 2019, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with one- and three-year firearm specifications, and one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. Appellant entered a plea of not guilty to the charges, and the case proceeded to trial. Among the testimony and evidence that was introduced at trial was a surveillance video that implicated appellant in robbing a convenience store and the victim's identification of appellant. At the end of the second day of trial, the parties reached a plea resolution.

{¶ 3} The assistant prosecutor set forth the terms of the plea agreement, under which appellant agreed to enter a guilty plea to Count 1 for aggravated robbery, a felony of the first degree, as amended to delete the firearm specifications, and Count 2 would be deleted. Additionally, there was an agreed sentence of four years. The trial court engaged in a Crim.R. 11 colloquy with appellant. Appellant expressed his understanding, confirmed that he wished to accept the plea agreement with the agreed sentence of four years, and entered a plea of guilty. The trial court found that the plea was knowingly and voluntarily entered with a full understanding of his constitutional and trial rights, and all parties agreed that the trial court complied with Crim.R. 11. After accepting the guilty plea, the trial court imposed a four-year prison sentence.

{¶ 4} Because the original plea did not factor in the Reagan Tokes Law, the trial court resentenced appellant on February 3, 2020. The trial court indicated that appellant would be pleading guilty to "Count 1, amended to a felony of the 3rd degree, under Ohio Revised Code 2911.02(A)(3). It would be a high tier, thus the range would be one to five years. That is by agreement with the party and the defendant will be pleading to four years." The trial court also stated that the state was asking for restitution in the amount of $50 and no contact with the victim. Appellant affirmatively indicated that he wished to accept the plea agreement. The trial court engaged in a colloquy with appellant. The appellant stated he could read and write, he was able to understand the proceeding, he was not under the influence of drugs or alcohol, and he was satisfied with his trial counsel's representation. The trial court reviewed each of the rights appellant would be waiving by entering a guilty plea, the nature of the robbery charge, which was a felony of the third degree, and the possible sentences that could be imposed, including minimum and maximum penalties. Appellant expressed his understanding of the constitutional and trial rights he would be waiving by entering a guilty plea. Appellant indicated that he had no questions for the trial court and confirmed that no promises or threats were made to induce him to change his plea. Appellant confirmed that he wished to accept the plea agreement with the agreed sentence of four years, restitution in the amount of $50, and no contact with the victim. Appellant entered a plea of guilty and also responded "yes" when the trial court asked if he was in fact guilty. The trial court found that appellant's plea was knowingly and voluntarily entered with a full

understanding of his constitutional and trial rights. All parties agreed that the trial court complied with Crim.R. 11. After accepting the guilty plea, the trial court imposed a four-year prison sentence, ordered restitution in the amount of $50 and no further contact with the victim, and imposed costs. The trial court also advised appellant of postrelease control.

{¶ 5} The judgment entry indicated that appellant entered a plea of guilty to a high tier robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree, but mistakenly included the firearm specifications. The entry reflects the trial court's imposition of the four-year sentence with three years of mandatory postrelease control and the order of $50 in restitution, no contact with the victim, and costs.

{¶ 6} Appellant timely filed this appeal.

**Law and Analysis**

{¶ 7} Appellant raises two assignments of error for our review. Under his first assignment of error, appellant claims the trial court violated Crim.R. 11 by failing to advise him of the effect of his guilty plea.

{¶ 8} A defendant's plea in a criminal case must be made "knowingly, intelligently, and voluntarily" to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Crim.R. 11, which outlines the procedures trial courts are to follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea

and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 9} Relevant in this matter, Crim.R. 11(C)(2)(b) provides that in a felony case, a trial court shall not accept a plea of guilty "without first addressing the defendant personally and * * * [i]nforming the defendant of and determining the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(B)(1) sets forth the effect of a guilty plea and states that "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 10} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. The Supreme Court of Ohio has set forth two limited exceptions to the traditional rule in the criminal-plea context. *Id.* at ¶ 14-16. Under these two exceptions, no showing of prejudice is required (1) when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) when a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea

vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. (C)." *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Also, "when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id*. at ¶ 14, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.

{¶ 11} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*. at ¶ 16, quoting *Nero* at 108. A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id*. at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26. Furthermore, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19.

{¶ 12} Thus, when reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule. As the Supreme Court of Ohio recognized in *Dangler*, prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765,164 N.E.3d

286, at ¶ 17. Rather, the questions to be answered are as follows: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

{¶ 13} In this case, appellant was charged with aggravated robbery, a felony of the first degree, and a misdemeanor theft offense. After two days of trial at which evidence was introduced implicating appellant in the commission of the crimes, he reached a plea agreement with the state. The state set forth the terms of the plea agreement and specifically stated appellant would be pleading guilty "to a felony of the 3rd degree robbery, under Ohio Revised Code 2911.02(A)(3)," it would be "a high tier," and there was an agreed sentence of four years.

{¶ 14} Although appellant claims that the trial court did not advise him of the charge to which he pled guilty, the record demonstrates otherwise. In addition to the state setting forth the charge to which appellant would be pleading guilty, the trial court informed appellant that the offense was robbery, a felony of the third degree, and the court advised appellant of the possible sentences that could be imposed, including minimum and maximum penalties. Additionally, the record demonstrates, and appellant concedes, that the trial court informed appellant of the constitutional rights he would be waiving. Further, appellant confirmed he understood the rights he was waiving by entering his guilty plea. Appellant also

confirmed his understanding of the terms of the plea agreement, his acceptance of the agreement, and the agreed sentence.

{¶ 15} Appellant's primary argument on appeal is that the trial court failed to inform him that the effect of a plea of guilty is a complete admission of guilt. Although the trial court did not specifically state that a plea of guilty is a complete admission of guilt, appellant admitted he was guilty of the robbery charge and responded "yes" when asked if he was in fact guilty of the crime. Further, the trial court asked appellant if he understood that the court could proceed with sentencing after the plea, and appellant responded "yes."

{¶ 16} Our review reflects that the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b). Also, the advisement regarding the effect of a guilty plea is not a constitutional requirement. Therefore, appellant must demonstrate prejudice on the face of the record. *See Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 23-24. Because appellant did not assert actual innocence at any time during the plea hearing, the trial court's failure to specifically inform him of the effect of his guilty plea is presumed not to be prejudicial. *See Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 19.

{¶ 17} Appellant argues that although he never proclaimed his actual innocence, his pro se filings in the case reflected his belief that he is innocent and wanted his day in court. Although appellant claims various pretrial motions were filed that suggest he believed he was innocent and wanted his day in court, the case proceeded to trial and he ultimately entered a plea agreement. Appellant admitted

he was guilty of the robbery charge, he did not assert actual innocence at the time of entering his plea, and he fails to show that he was precluded from knowingly, intelligently, and voluntarily entering his guilty plea. Further, to the extent the pretrial motions were unrelated to the entry of his plea, appellant is precluded from challenging those motions herein. *See State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 117. It is apparent from the record that appellant understood the effect of his guilty plea and that the agreed sentence would be imposed upon the court's acceptance of the plea. Furthermore, there is nothing on the face of the record to support a conclusion that appellant would not otherwise have entered his plea. Therefore, appellant has failed to demonstrate prejudice.

{¶ 18} Although not challenged on appeal, we also recognize that because an agreed sentence was imposed in this case, appellant did not have a right to appeal his sentence. At the plea hearing, appellant confirmed that he agreed to a sentence of four years, that he understood the plea agreement, and that he did not have any questions with reference to it. Although the trial court did not explain that appellant could not appeal the agreed sentence, as this court has previously recognized, "Crim.R. 11(C)(2) does not contain any language requiring a trial court to inform defendants of their appellate rights, or lack thereof, before accepting a plea." *State v. Alvarez,* 8th Dist. Cuyahoga No. 109148, 2020-Ohio-5183, ¶ 22. Furthermore, any duty to advise a defendant of his or her right to appeal under Crim.R. 32(B)(2) does not arise until sentencing and has no bearing on the plea. *See Alvarez* at ¶ 23. In any event, appellant does not claim that he was unaware that he could not appeal

a jointly agreed sentence, does not claim he would not have pled guilty had he been informed that he could not appeal his sentence, and has not shown any prejudice with regard to the negotiated plea agreement.

{¶ 19} The parties agreed that the trial court complied with Crim.R. 11, and the trial court found appellant's guilty plea was knowingly, intelligently, and voluntarily entered. We reach the same conclusion upon our review. Accordingly, we overrule his first assignment of error.

{¶ 20} Under his second assignment of error, appellant claims the sentencing entry differs from the sentence pronounced at the sentencing hearing. Specifically, he argues that the sentencing entry includes firearm specifications that were not part of the plea agreement or the sentence pronounced in court. The record reflects that appellant pled guilty to the amended Count 1 of robbery under R.C. 2911.02(A)(3), a felony of the third degree, without any firearm specifications. The state concedes the error. Accordingly, we remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc entry to correct the clerical error and delete the firearm specifications from the sentencing entry.

{¶ 21} Judgment affirmed; case remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case

remanded to the trial court for issuance of a nunc pro tunc entry consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR