[Cite as *State v. Stewart*, 2021-Ohio-3600.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 110219

    v.                           :

DAVID STEWART,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 7, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636193-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

John F. Corrigan, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, David Stewart ("Stewart"), appeals from his convictions. He raises the following assignment of error for review:

1. The trial court did not inform and did not determine that appellant understood the effect of a plea of guilty or fully inform of the maximum

sentence all in violation of Criminal Rule 11 and to the prejudice of appellant.

{¶ 2} After careful review of the record and relevant case law, we affirm Stewart's convictions.

## I. Procedural and Factual History

{¶ 3} In January 2019, Stewart and his codefendants, Leslie Evans and Tisean Young, were named in a multicount indictment in Cuyahoga C.P. No. CR-19-636193-A. The indictment arose from a series of aggravated robberies that occurred at a Dollar General store on September 3, 2018, a Family Dollar store on September 30, 2018, and a CVS store on October 4, 2018. The facts supporting the indictment are set forth in *State v. Evans*, 8th Dist. Cuyahoga No. 108648, 2020-Ohio-3968, ¶ 5-17.

{¶ 4} For his role in the alleged crimes, Stewart was charged with aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications (Count 5); robbery in violation of R.C. 2911.02(A)(2), with one- and three-year firearm specifications (Count 6); felonious assault in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications (Count 7); theft in violation of R.C. 2913.02(A)(1) (Count 8); aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications (Count 9); robbery in violation of R.C. 2911.02(A)(2), with one- and three-year firearm specifications (Count 10); theft in violation of R.C. 2913.02(A)(1) (Count 11); aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three year firearm specifications

(Count 12); robbery in violation of R.C. 2911.02(A)(2), with one- and three-year firearm specifications (Count 13); theft in violation of R.C. 2913.02(A)(1) (Count 14); theft in violation of R.C. 2913.02(A)(1) (Count 15); misuse of a credit card in violation of R.C. 2913.21(B)(2) (Count 17); and receiving stolen property in violation of R.C. 2913.51(A) (Count 21).

{¶ 5} The matter proceeded to a jury trial in April 2019. In the midst of trial, however, Stewart expressed that he wished to withdraw his previously entered plea of not guilty and accept the terms of a negotiated plea agreement with the state.

{¶ 6} Following a Crim.R. 11 colloquy, Stewart pleaded guilty to a single count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a one-year firearm specification, as amended in Count 5 of the indictment; and a single count of felonious assault in violation of R.C. 2903.11(A)(2), as amended in Count 7 of the indictment. In exchange for his guilty pleas, the state agreed to dismiss all remaining offenses and specifications. In addition, the state agreed to a recommended sentence of nine years in prison. The trial court accepted Stewart's guilty pleas and found him guilty of aggravated robbery and felonious assault. At sentencing, the trial court imposed an aggregate nine-year term of imprisonment and ordered Stewart to pay restitution in the amount of $250.

{¶ 7} Stewart now appeals from his convictions and sentence.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Stewart argues the trial court's failure to comply with Crim.R. 11 rendered his guilty pleas to be less than knowing,

intelligent, and voluntary. Stewart contends that he "was not fully advised of the effect of his guilty plea" pursuant to Crim.R. 11(B)(1) and (C)(2)(b). He further maintains that the trial court's postrelease control advisement was inadequate.

{¶ 9} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 10} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the

court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *State v. Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶ 12} The traditional rule, however, is subject to two limited exceptions. *Id.* at ¶ 14-16. Under these two exceptions, no showing of prejudice is required (1) when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) when a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from

these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108.

{¶ 13} When reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule. *State v. Kauffman*, 8th Dist. Cuyahoga No. 109579, 2021-Ohio-1584, ¶ 12. As the Supreme Court of Ohio recognized in *Dangler*, prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler* at ¶ 17. Thus, the questions to be answered are as follows:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.*

{¶ 14} In this case, the record reflects that the trial court engaged in a detailed Crim.R. 11 colloquy to ensure that Stewart understood the terms of his plea agreement and the rights he would be waiving by entering pleas of guilty. The trial court reviewed the relevant offenses and advised Stewart of the possible sentences that could be imposed on his felony offenses, including minimum and maximum penalties. The court further notified Stewart that he was not eligible for community control sanctions and that the court was not bound to accept the recommended

prison term of nine years. Additionally, the record demonstrates, and Stewart concedes, that the trial court informed Stewart of the constitutional rights he would be waiving. Stewart confirmed his understanding of the terms of the plea agreement and stated that he understood the rights he was waiving by entering his guilty plea. Finally, Stewart expressed that he had no questions regarding his "rights, charges, the penalties, or anything that is being done here today." (Tr. 330.)

{¶ 15} Nevertheless, Stewart argues on appeal that his plea was not knowingly made because he "was never advised that the effect of a guilty plea constituted a legal admission of guilt." Stewart asserts that the court's failure was significant in this case because he did not understand that by admitting guilt, he was severely limiting the scope of the arguments he could present on appeal. For instance, Stewart states that he did not understand that by pleading guilty to aggravated robbery and felonious assault, "he was waiving any future pursuit of complaining that the conviction[s] stemmed from foul play, such as lying witnesses, or was the result of some other error or irregularity."

{¶ 16} As previously stated, Crim.R. 11(C)(2)(b) provides that in a felony case, a trial court shall not accept a plea of guilty "without first addressing the defendant personally and * * * [i]nforming the defendant of and determining the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." In turn, Crim.R. 11(B)(1) sets forth the effect of a guilty plea and states that "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 17} Stewart does not dispute that he was fully informed of the constitutional rights set forth in Crim.R. 11(C)(2)(c) that he would be waiving by pleading guilty. Additionally, the record does not reflect that the court completely failed to comply with a portion of Crim.R. 11(C). Thus, even if Stewart can establish that the court did not fully comply with a portion of the rule, he must also demonstrate prejudice on the face of the record. *See Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 23-24.

{¶ 18} After a thorough review of the plea proceedings, we are unable to conclude that Stewart has satisfied his burden of persuasion. Viewing the court's Crim.R. 11 colloquy in its entirety, it is apparent that Stewart subjectively understood the effect of his plea and the implications associated with his waiver of constitutionally guaranteed rights, including the state's burden of proof and his right to confront witnesses presented against him. Although the trial court did not recite the exact language of Crim.R. 11(B)(1), Stewart expressly admitted he was guilty of aggravated robbery and felonious assault. (Tr. 331.) Furthermore, because Stewart did not assert actual innocence at any time *during the plea hearing*, the trial court's failure to specifically inform him of the effect of his guilty plea is presumed not to be prejudicial. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19 ("[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt."). Here, it is evident that Stewart's decision to enter pleas of guilty was predicated on his desire to accept the terms of a favorable plea agreement, and not his alleged

misunderstanding of the rights he was waiving or the implications his pleas would have on the scope of his appellate arguments. In the absence of information in the record to support a conclusion that Stewart would not otherwise have entered his pleas, we find Stewart has failed to demonstrate prejudice.

{¶ 19} Furthermore, we are unpersuaded by Stewart's contention that the trial court's postrelease control advisement was incomplete. As discussed, a trial court's responsibility to determine that a defendant's plea is voluntary includes assuring that the defendant has an understanding of the nature of the charges and of the maximum penalty involved. Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Austin*, 8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983, ¶ 16. "'Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C).'" *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667, ¶ 10, quoting *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13.

{¶ 20} In this case, the following discussion occurred during the plea colloquy:

> THE COURT: And do you understand you will have, on the felony in the first degree, a mandatory five-year period of postrelease control, and on the felony of the second degree, a mandatory three-year period of postrelease control?
>
> STEWART: Yes.

THE COURT: So when you get out of prison, you'll be on parole — they call it postrelease control now — but you'll be supervised. Do you understand that?

STEWART: Yes.

THE COURT: For the felony in the first degree its mandatory five years. For the felony of the second degree, it's mandatory — it would be three years. Do you understand that?

STEWART: Yes.

THE COURT: And do you understand if you violate postrelease control, the parole board has the authority to impose up to half of the original sentence?

STEWART: Yes.

THE COURT: If while you're on postrelease control, you fail to report to your parole officer, you could be charged with escape, which is a felony. Do you understand that?

STEWART: Yes.

(Tr. 329-330.)

{¶ 21} On appeal, Stewart does not dispute that the trial court advised him that he was subject to a mandatory five-year period of postrelease control on his first-degree felony conviction and a mandatory three-year period of postrelease control on his second-degree felony conviction. R.C. 2967.28(B)(1) and (2). Moreover, Stewart concedes that the court advised him that if the conditions of postrelease control were violated, he could be returned to prison for up to one half of his original sentence. R.C. 2967.28(F)(3). Nevertheless, Stewart maintains that the postrelease control advisement was incomplete because the court completely

failed to notify him of the possible consequences under R.C. 2929.141(A)(1) if he were to commit a new felony offense while under postrelease control.

{¶ 22} Pursuant to R.C. 2929.141:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 23} There is no dispute that when a defendant is on postrelease control at the time a plea is entered, the Crim.R. 11(C)(2)(a) maximum penalty advisement must include a discussion of the possible consequences under R.C. 2929.141(A)(1). *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 21. In this case, however, Stewart was not on postrelease control at the time of his plea in Case No. CR-19-636193-A. Thus, the trial court was not obligated to advise Stewart of the potential implications of R.C. 2929.141 should he hypothetically commit a future felony offense while under postrelease control. *See State v. Betts,* 4th Dist. Vinton No. 17CA706, 2017-Ohio-8595, ¶ 24 ("Appellate courts have consistently held that Crim.R. 11(C)(2)(a), notice of the maximum penalty involved, does not require a trial

court to inform a defendant entering a guilty plea of the R.C. 2929.141 consequences for violating post-release control."), citing *State v. Turner*, 8th Dist. Cuyahoga No. 101578, 2015-Ohio-1148, ¶ 7; *State v. Carr*, 12th Dist. Butler No. CA2020-12-129, 2021-Ohio-1983, ¶ 27 ("We agree and similarly conclude that a guilty plea is not invalid where the trial court did not notify a defendant who was not on postrelease control of the possible consequences the defendant faced under R.C. 2929.141(A)(1) if the defendant committed a new felony after being released from prison and placed on postrelease control.").

{¶ 24} Here, the record conclusively demonstrates that Stewart understood that he would be subject to a mandatory period of postrelease control and that any violation of the conditions of his postrelease control would subject him to the consequences set forth in R.C. 2967.28. Because the trial court fully complied with the requirements of Crim.R. 11(C)(2)(a), a prejudicial effect analysis is unwarranted in this context.

{¶ 25} Based on the foregoing, we find Stewart's guilty pleas were knowingly, intelligently, and voluntarily made. Stewart is not entitled to an order vacating his guilty pleas. The sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR