[Cite as *State v. Fontanez*, 2024-Ohio-1590.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                No. 113105

    v.                               :

ALBERT FONTANEZ,                         :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-664789-A, CR-22-669649-A, CR-22-670606-B,
CR-22-672399-A, and CR-22-674611-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alexandria Serdaru, Assistant Prosecuting Attorney, *for appellee.*

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis, Supervising Attorney, and Spencer Luckwitz and Kory C. Roth, Legal Interns, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Albert Fontanez, appeals his convictions and claims the following errors:

1. The trial court erred by accepting Mr. Fontanez's guilty plea without first informing him of the effect of his plea, determining that he understood the effect, and informing that the court could proceed to judgment and sentence, all as required by Crim.R. 11(C)(2)(b).

2. The trial court erred in denying Mr. Fontanez's presentence motion to withdraw his guilty plea.

{¶ 2} We find that Fontanez understood the effect of his guilty pleas and that he entered his pleas knowingly, intelligently, and voluntarily. We, therefore, affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Fontanez was charged with 18 crimes in five separate cases. In Cuyahoga C.P. No. CR-21-664789-A, Fontanez was charged with two counts of felonious assault. In Cuyahoga C.P. No. CR-22-669649-A, Fontanez was charged with two counts of felonious assault, two counts of aggravated robbery, and three counts of robbery. In Cuyahoga C.P. No. CR-22-670606-B, Fontanez was charged with one count of felonious assault, with one- and three-year firearm specifications, two counts of having weapons while under disability, one count of improper handling of firearms in a motor vehicle, and one count of criminal damaging or endangering. In Cuyahoga C.P. No. CR-22-672399-A, Fontanez was charged with one count of theft and one count of assault. And in Cuyahoga C.P. No. CR-22-674611-A, Fontanez was charged with one count of failure to comply and one count of receiving stolen property.

{¶ 4} Following discovery, the parties reached a plea agreement that significantly reduced the charges and potential penalties in the five cases. After

thoroughly reviewing the terms of the state's plea offer and the associated penalties, as well as the penalties Fontanez could receive if he were found guilty at trial, the court recessed to allow Fontanez to consult with his lawyer. Following the consultation, Fontanez indicated that he wanted to plead guilty. In CR-22-664789-A, Fontanez pleaded guilty to one count of aggravated assault. In CR-22-670606-B, Fontanez pleaded guilty to one count of discharging a firearm on or near a prohibited premises with a one-year firearm specification, and one count of criminal damaging. In CR-22-672399-A, Fontanez pleaded guilty to one count of attempted theft and one count of assault. In CR-22-669649-A, Fontanez pleaded guilty to one count of felonious assault and one count of theft. And in CR-22-674611-A, Fontanez pleaded guilty to one count of failure to comply and one count of receiving stolen property.

{¶ 5} The trial court conducted a sentencing hearing three weeks after taking Fontanez's guilty pleas. During the sentencing hearing but before sentence was imposed, Fontanez made an oral motion to withdraw his guilty plea. The trial court conducted a hearing on the motion and asked Fontanez's counsel why he wished to withdrawal his pleas. Counsel explained:

> After he entered into a guilty plea for the five cases on which we are here today, we had come to learn and find out that there were two new pending cases in Cleveland Municipal Court that were since bound over.
>
> Your Honor, he may not have entered — or he would not have entered into this plea agreement had he had knowledge of these two pending criminal cases.

(Tr. 112.) Upon questioning, the court learned that Fontanez knew about the two new cases more than two weeks before the sentencing hearing because he was arraigned in those cases. (Tr. 116-118.) When asked if there were any other reasons for the motion, counsel replied, "Other than a change of heart, your Honor, no." (Tr. 117.) The state indicated it would be prejudiced by the withdrawal of Fontanez's guilty pleas because "[he] went capias for a long, long time" and it would be difficult to coordinate the appearances of so many police officers and victims again. (Tr. 117.) After hearing from both sides, the court denied Fontanez's motion to withdraw his guilty pleas.

{¶ 6} In CR-21-664789-A, the court sentenced Fontanez to 18 months in prison on the amended aggravated-assault conviction. In CR-22-669649-A, the court sentenced him to six to nine years on the felonious assault conviction as charged in Count 1, and 180 days on the theft charge as amended in Count 3. In CR-22-670606-B, Fontanez was sentenced to three years on the discharging a firearm on or near a prohibited premises conviction plus three years on the attendant firearm specification, as charged in Count 1, and 90 days in jail on the criminal damaging conviction as charged in Count 5. In CR-22-672399-A, the court sentenced Fontanez to 180 days in jail on the attempted theft and assault convictions as amended in Counts 1 and 2. Lastly, in CR-22-674611-A, Fontanez was sentenced to three years in prison on his failure to comply conviction as charged in Count 1, and 180 days in prison on his receiving stolen property conviction as amended in Count 2. The aggregate base sentence was 10 years in prison. This appeal followed.

## II. Law and Analysis

## A. Effect of a Guilty Plea

{¶ 7} In the first assignment of error, Fontanez argues the trial court erred in accepting his guilty pleas without first informing him of the effect of his plea and without informing him that the court could proceed immediately to judgment and sentence.

{¶ 8} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise the defendant's plea is invalid." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 9} Crim.R. 11(C)(2) outlines the procedure a trial court must follow before accepting a guilty plea to felony offense. *Bishop* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. Crim.R. 11 ensures an adequate record on review by requiring that the trial court (1) personally inform the defendant of his rights and the consequences of his plea, and (2) determine that the plea is knowingly, intelligently, and voluntarily made. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, citing *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 10} Under Crim.R. 11(C), a trial court shall not accept a guilty plea in a felony case without first addressing defendant and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} We review the trial court's compliance with Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In reviewing guilty pleas, our focus is not on whether the trial judge has "'[incanted] the precise verbiage' of the rule, * * * but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977), citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15-16; *Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462*,* at ¶ 26; *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 19.

{¶ 12} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the

trial court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶ 13} However, no showing of prejudice is required (1) when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, or (2) when a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *Clark* at ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108. Thus, in evaluating whether a trial court has complied with Crim.R. 11(C), we must ask

> (1) has the trial court complied with the relevant provision of the rule?
>
> (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and
>
> (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

{¶ 14} Fontanez contends the trial court failed to inform him that his guilty plea is a complete admission of guilt. However, the right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right. *State v. Steele*, 8th Dist. Cuyahoga No. 85901, 2005-Ohio-5541, ¶ 18, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Thus, only a complete failure to comply with Crim.R. 11(C) will justify vacation of the guilty pleas. And again, the goal of Crim.R. 11(C) is to ensure that the defendant understands his rights and the consequences of his plea. *Dangler* at ¶ 11.

{¶ 15} Unlike a plea of "no contest," a legal term that carries consequences that are not readily apparent to an ordinary person without further explanation, the meaning of a "guilty" plea is self-explanatory. The term "guilty" is a plain and commonly-used word in the English language. Dictionary.com defines it as "having committed an offense, crime, violation, or wrong, especially against moral or penal law; justly subject to a certain accusation or penalty; culpable[.]" Dictionary.com, "guilty" available at https://www.dictionary.com/browse/guilty (accessed Mar. 28, 2024).

{¶ 16} The plain and ordinary meaning of the word "guilty" is obvious from the plea colloquy itself. During the colloquy, the trial court asked Fontanez if he committed the specific act charged in each count to which he was pleading guilty. For example, when pleading guilty to aggravated assault in CR-22-664789-A, the court asked Fontanez:

THE COURT: In Count 1, how do you plead * * * on July 22 of 2021, in Cuyahoga County, *you unlawfully did*, while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by [the victim], that was reasonably sufficient to incite you into using deadly force, *you did knowingly cause or attempt to cause* physical harm to [the victim] by means of deadly weapon?

To this felony of the fourth degree * * * how do you plead?

THE DEFENDANT: Guilty.

(Emphasis added.) (Tr. 54.) That Fontanez knowingly admitted the facts stated by the judge is undeniable.

{¶ 17} Because a guilty plea is obviously an admission of guilt, the Ohio Supreme Court has held that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. *See also State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 54 ("Any error by the trial court in failing to adequately inform [the defendant] of the effect of his plea was not prejudicial, because [the defendant] did not assert his innocence at the colloquy. He is, therefore, presumed to understand that a plea of guilty is a complete admission of guilt.").

{¶ 18} Many Ohio courts, including the Eighth District Court of Appeals, have reached similar conclusions post-*Dangler*. *See State v. Stewart*, 8th Dist. Cuyahoga No. 110219, 2021-Ohio-3600, ¶ 17-18; *State v. Reyes*, 8th Dist. Cuyahoga No. 110126, 2021-Ohio-3599, ¶ 24; *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 15-16 (8th Dist.); *State v. Blair*, 5th Dist. Muskingum No. CT2021-0055,

2022-Ohio-2572, ¶ 12-15, *State v. Krieger*, 7th Dist. Belmont No. 19 BE 0045, 2020-Ohio-6964, ¶ 19, *State v. McClelland*, 2021-Ohio-3018, 176 N.E.3d 150, ¶ 41 (7th Dist.) ("The failure to use the exact language in Crim.R. 11(B)(1) is not a complete failure to comply as the key concept is that the guilty plea constitutes an admission of guilt.").

{¶ 19} Fontanez expressly stated that he understood the charges against him, the terms of the plea agreement, the constitutional rights he was waiving, and the penalties he faced. He also admitted that he committed the acts described by the judge in each of the charges and stated that he was satisfied with his lawyer's representation. (Tr. 50.) Therefore, the trial court complied with all the requirements of Crim.R. 11. And because Fontanez has not asserted his innocence, it is presumed that Fontanez understood that his guilty pleas were admissions of guilt.

{¶ 20} Indeed, Fontanez does not even claim to have misunderstood the effect of his guilty pleas. He sought to withdraw his guilty pleas because he was indicted on additional charges. (Tr. 117.) Fontanez likely wanted to include the new charges within his global plea agreement in this case. However, a desire to renegotiate a plea agreement to incorporate new charges is not a valid basis to withdraw a guilty plea. And when asked if there were some other bases for the plea-withdrawal request, Fontanez's trial counsel replied, "Other than a change of heart, your Honor, no." (Tr. 117.) A change of heart, without more, is not enough to justify

the withdrawal of a guilty plea. *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 35.

{¶ 21} The trial court complied with the relevant provisions of Crim.R. 11(C)(2), except that it did not expressly state that a guilty plea constitutes a complete admission of guilt. This minor failure does not involve a constitutional right and, therefore, does not excuse Fontanez from the burden of demonstrating prejudice. And yet, Fontanez does not claim any prejudice. Fontanez entered into a very favorable plea agreement, cutting his exposure to prison-time exposure by more than half of what it could have been if he had been found guilty at trial. Fontanez's decision to plead guilty was obviously based on a desire to reduce his prison time rather than any alleged misunderstanding of the effect of his guilty plea.

{¶ 22} Fontanez nevertheless argues the trial court erred in failing to inform him that it could proceed to immediate sentencing. However, the trial court told Fontanez twice during the plea hearing that it would not proceed to sentencing that day. (Tr. 43, 49.) And, as indicated, the court scheduled a sentencing hearing for a later date. Therefore, Fontanez cannot demonstrate he was prejudiced by the court's failure to tell him that it could proceed directly to sentencing.

{¶ 23} The first assignment of error is overruled.

**B. Motion to Withdraw Guilty Plea**

{¶ 24} In the second assignment of error, Fontanez argues the trial court erred in denying his presentence motion to withdraw his guilty plea. He argues it should have been freely granted since he made the motion before sentence was

imposed. He also argues the trial court abused its discretion by failing to consider the relevant factors governing presentence motions to withdraw guilty pleas.

{¶ 25} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Ordinarily, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* Therefore, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the plea withdrawal request. *Id.*

{¶ 26} The decision to grant or deny a presentence motion to withdraw a guilty plea is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. This court has held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). Courts do not have discretion to erroneously

apply the law. *Johnson* at ¶ 39 ("We take this opportunity to make it clear that courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.").

{¶ 27} Courts have traditionally considered nine factors when reviewing a trial court's decision denying a defendant's presentence motion to withdraw a guilty plea. *State v. Hopkins*, 8th Dist. Cuyahoga Nos. 112430 and 112704, 2023-Ohio-4311, ¶ 13. Those factors include whether a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered the plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 28} Consideration is also given to whether (5) the motion was made in a reasonable time, (6) the motion stated specific reasons for withdrawal, (7) the defendant understood the nature of the charges and the possible penalties, and (8) the defendant had evidence of a plausible defense. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), *see also State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269. Finally, courts have considered (9) "'whether the state would be prejudiced if the defendant were permitted to withdraw his guilty plea.'" *State v. Barnes*, 172 Ohio St.3d 63, 2022-Ohio-4486, 222 N.E.3d 537, ¶ 32 (Brunner, J., concurring), quoting *State v. Richter*, 8th Dist. Cuyahoga Nos. 46122 and 46123, 1983 Ohio App. LEXIS 15476, 2 (Sept. 29, 1983).

{¶ 29} The trial court noted that Fontanez was represented by competent counsel that he, himself, retained. (Tr. 121.) The court also recounted how it conducted an exhaustive Rule 11 plea colloquy. (Tr. 122.) The trial court found, and the record confirms, that Fontanez understood the nature of the charges and the possible penalties and that the court conducted a full hearing on Fontanez's plea withdrawal request. Fontanez, through counsel, stated the reasons for his request, and the court considered those reasons. (Tr. 122.) Counsel explained that he wished to withdraw his guilty pleas because he discovered he had been charged with additional crimes in two new cases and because he had a change of heart. (Tr. 122.) Finally, the court noted that Fontanez knew about the two new cases for at least two weeks before the sentencing hearing, but he did not file a written motion to withdrawal his guilty plea at that time. And, the state asserted that it would be prejudiced by the withdrawal of the guilty pleas. Therefore, the trial court considered all the factors required for a motion to withdraw guilty pleas, and none of the nine factors weighed in favor of withdrawing Fontanez's guilty pleas.

{¶ 30} Moreover, the trial court recognized that Fontanez's motion was motivated by a change of heart. As previously stated, a change of heart regarding one's guilty plea is not a legitimate basis for the withdrawal of the plea. *State v. Hicks*, 8th Dist. Cuyahoga No. 112419, 2024-Ohio-974, ¶27, citing *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7.

{¶ 31} We find no abuse of discretion in the trial court's decision to deny Fontanez's motion to withdrawal his guilty pleas. The trial court considered all the

factors necessary for evaluating a plea withdrawal request, and Fontanez's motion was motivated by his change of heart, which is not a legitimate basis for a plea withdrawal.

{¶ 32} Accordingly, the second assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MICHAEL JOHN RYAN, J., DISSENTS (WITH SEPARATE OPINION)

MICHAEL JOHN RYAN, J., DISSENTING:

{¶ 34} Respectfully, I dissent. Based on the Supreme Court of Ohio's decision in *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, I am constrained to disagree with the majority.

{¶ 35} Although I believe the majority correctly states the law regarding the exceptions to the general requirement for a demonstration of prejudice upon a request for withdrawal of a plea, I believe its interpretation of the law is wrong.

Specifically, one of the exceptions to the general prejudice requirement is when a trial court completely fails to comply with a portion of Crim.R. 11(C). Under Crim.R. 11(C)(2), a trial court shall not accept a guilty or no contest plea in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

> (b) Informing the defendant of and determining that the defendant understands the effects of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 36} Crim.R. 11(B)(1) states the effect of a plea: "The plea of guilty is a complete admission of the defendant's guilt." Both the state and majority agree that the trial court did not advise Fontanez that his plea was "a complete admission of [his] guilt" under Crim.R. 11(C)(2)(b).

{¶ 37} Pre-*Dangler*, appellate review of compliance with Crim.R. 11 revolved around strict, substantial, or partial compliance with the rule. Now, the focus is no longer on those levels of compliance when reviewing a trial court's compliance with Crim.R. 11. *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). The *Dangler* Court recognized that prior caselaw setting forth the strict-, substantial-, and partial-compliance standards had "muddled [the] analysis by

suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Id.* at ¶ 17. Instead, the court identified the following three questions to be answered: (1) did the trial court comply with the relevant provision of the rule? (2) if the court did not comply fully with the rule, was the failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *Id.*

{¶ 38} I believe that under the questions posed by the *Dangler* Court, the trial court did not comply with the requirements of Crim.R. 11(C)(2)(b) and its failure to comply excused Fontanez from demonstrating prejudice.

{¶ 39} The majority, while acknowledging that the trial court "did not expressly state that a guilty plea constitutes a complete admission of guilt," finds that "[t]his minor failure does not involve a constitutional right and, therefore, does not excuse Fontanez from the burden of demonstrating prejudice." Majority opinion, ¶ 21. But *Dangler* holds that a complete failure to comply with any portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice. *Id.* at ¶ 15. In my opinion, the majority's rationale reverts to the strict-, substantial-, partial-compliance standards that the Supreme Court believed were unduly complicated and sought to abolish in *Dangler*.

{¶ 40} The majority cites *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, and *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, for the proposition that a plea, without a claim of actual innocence,

equates to a presumption that the defendant understands he or she has completely admitted guilt and that the failure of the trial court to state that the plea is a complete admission of guilt is nonprejudicial.[1]  *Griggs* and *Jones* are pre-*Dangler* cases, however, and I think the majority's reliance on them is misplaced.

{¶ 41} In light of *Dangler* and precedent from this court, I would find merit to Fontanez's first assignment of error, vacate the pleas, and remand the case for further proceedings.  *See Cleveland v. Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448; *State v. Byas*, 8th Dist. Cuyahoga No. 110157, 2021-Ohio-3924; and *Cleveland v. Jones-McFarland*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662. I therefore respectfully dissent.

---

[1] A guilty plea with a contemporaneous protestation of innocence is generally known as an "*Alford* plea," in reference to the United States Supreme Court case *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).