[Cite as *State v. Robinson*, 2021-Ohio-97.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                        CASE NO.  8-20-16

      v.

RAYNELL ROBINSON,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 04 0120

**Judgment Affirmed**

**Date of Decision:   January 19, 2021**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Raynell Robinson ("Robinson"), brings this appeal from the April 14, 2020 judgment of the Logan County Common Pleas Court sentencing him to five years of community control after Robinson was convicted of Attempted Felonious Assault in violation of R.C. 2923.02 and R.C. 2903.11(A)(1), a felony of the third degree. On appeal, Robinson argues that his *Alford* plea was not knowing, intelligent, and voluntary because the trial court did not inform him during the plea colloquy that potential violations of post-release control could result in him serving nine-month prison terms up to a cumulative maximum of one-half of his original stated prison term.[1]

*Background*

{¶2} On April 9, 2019, Robinson was indicted for Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, Domestic Violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree, Disrupting Public Services in violation of R.C. 2909.04(A)(3), a felony of the fourth degree, and Abduction in violation of R.C. 2905.02(A)(1), a felony of the third degree. Robinson originally pled not guilty to the charges.

---

[1] An *Alford* plea refers to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), wherein the Supreme Court of the United States held, "An accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when, as here, he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt." *Alford* at syllabus.

{¶3} On February 11, 2020, a change-of-plea hearing was held wherein Robinson agreed to enter an "*Alford*" plea to the reduced, amended charge of Attempted Felonious Assault in violation of R.C. 2923.02 and R.C. 2903.11(A)(1), a felony of the third degree, and to Domestic Violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. In exchange the State agreed to dismiss the remaining charges. Further, the parties agreed to a joint sentencing recommendation of community control. The agreement was reduced to writing and signed by Robinson and his attorney. The trial court conducted a Crim.R. 11 dialogue with Robinson and determined that his plea was knowing, intelligent, and voluntary. Robinson's *Alford* plea was accepted, and he was found guilty of the amended charge of Attempted Felonious Assault and of Domestic Violence.

{¶4} On April 14, 2020, the case proceeded to sentencing. The Attempted Felonious Assault charge and Domestic Violence charge were merged. Robinson was then sentenced to five years of community control on the Attempted Felonious Assault conviction, per the joint sentencing recommendation. A judgment entry memorializing that sentence was filed the same day. It is from this judgment that Robinson appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Appellant's Due Process rights were violated by an *Alford* plea that was not entered knowingly, intelligently, or voluntarily due to the trial court's failure to fully advise on the consequences of violating post-release control.**

**{¶5}** In his assignment of error, Robinson argues that his *Alford* plea was not entered knowingly, intelligently, and voluntarily because the trial court did not advise him that potential violations of post-release control could lead to prison terms of up to nine months. Robinson argues that this omission during the Crim.R. 11 plea colloquy was fatal, and that he would not have entered into his plea if he was properly notified.

Relevant Authority

**{¶6}** The Supreme Court of Ohio has recently addressed "Compliance with Crim.R. 11" in *State v. Dangler*, --- Ohio St.3d ---, 2020-Ohio-2765. In *Dangler*, the Supreme Court of Ohio held, "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *Dangler* at ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25; *see State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Dangler* at ¶ 10.

**{¶7}** Criminal Rule 11(C)(2) outlines the procedures for trial courts to follow when accepting pleas in felony cases. It reads as follows.

> **(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶8} Criminal Rule 11 " 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). The Supreme Court of Ohio has recently reaffirmed that "our focus in reviewing pleas has not been on whether the trial judge has '[incanted] the precise verbiage' of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12 citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶¶ 15-16.

{¶9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13 citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶¶ 14-15; Crim.R. 52. Generally, to demonstrate prejudice, a defendant would have to establish that "that his plea would not have otherwise been made." *Dangler* at ¶ 24.

{¶10} There are limited exceptions to the prejudice requirement in the criminal-plea context. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14 citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶ 31; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at syllabus. The "constitutional" rights are set forth in Crim.R. 11(C)(2)(c) above. *See Dangler* at ¶ 14. When a trial court fails to fully cover "nonconstitutional" rights in Crim.R. 11, "a defendant must affirmatively show prejudice to invalidate a plea." *Dangler* at ¶ 14, citing *Clark* at ¶ 17.

{¶11} The Supreme Court of Ohio recognized one other exception to the prejudice requirement: "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Dangler* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509,

¶ 22. In *Sarkozy* the Supreme Court of Ohio found that failure to mention at all that the defendant was subject to a mandatory five years of post-release control during the plea colloquy violated a trial court's duty to explain the nonconstitutional maximum penalty requirement under Crim.R. 11(C)(2)(a).

{¶12} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.' " *Dangler* at ¶ 16, citing *Nero*.

Analysis

{¶13} In this case, Robinson argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) in this matter by not informing him that if Robinson violated post-release control he could be sent to prison for up to nine months for each violation of post-release control. However, Robinson acknowledges that the trial court provided some advisements regarding post-release control. Similarly Robinson does not seem to contest that the trial court complied with the "constitutional" requirements in Crim.R. 11(C)(2)(c) during the plea colloquy. Nevertheless, Robinson argues that the trial court's partial failure to advise him regarding post-release control was prejudicial in this matter. He contends that

because he made an *Alford* plea, maintaining his factual innocence, any factor that threatened to shorten his time in the community would have impacted his decision to enter his plea.

{¶14} As Robinson acknowledges, the record reflects that the trial court did inform him at the plea hearing that *if* Robinson was sentenced to prison, after his release he would be subject to a mandatory term of three years of post-release control. The trial court explained "It's like probation except after prison." (Feb. 11, 2020, Tr. at 19). The trial court also explained that if Robinson violated his post-release control, the APA could return him to prison "without coming back to this court for up to half of your stated prison sentence in this case." (*Id*. at 20). The trial court further explained that if Robinson committed a felony while on post-release control "the sentencing judge in your new felony case must return you to prison in this case – again, without coming back to this court – for one year or whatever time you have remaining on your post-release control, whichever is longer." (*Id*.) Finally, Robinson was notified that if he was returned to prison it would be served consecutively to any penalty from a new felony. Robinson indicated that he understood all of these issues.

{¶15} Robinson argues on appeal that although the trial court mentioned various post-release control issues in the Crim.R. 11 colloquy, the trial court did not mention a specific portion of R.C. 2967.28(F)(3), which reads as follows.

> **Unless a releasee's stated prison term was reduced pursuant to section 5120.032 of the Revised Code,** *the period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months***, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the definite prison term that was the stated prison term originally imposed upon the offender as part of this sentence[.]**

Robinson maintains that the trial court did not specifically state that prison terms imposed under a post-release control sanction should not exceed nine months, even though the trial court did clearly state that any cumulative term could not exceed one-half of his prison term.

{¶16} As a trial court is not required to use specific talismanic words, we do not find the trial court's statements during the plea colloquy to constitute a complete failure to comply with Crim.R. 11(C)(2)(a)'s maximum penalty requirement. Robinson was notified of the maximum amount of time he could receive in prison for a violation, or for violations, of post-release control—that being up to one-half of his stated prison term. Thus this case is wholly unlike *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, wherein the trial court did not mention a mandatory period of post-release control at all. Moreover, we have already found challenges similar to Robinson's to be unavailing. *See State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255; *see also State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819.

{¶17} Even if we did find that the trial court's colloquy was not in compliance with Crim.R. 11(C)(2)(a)'s nonconstitutional maximum penalty provision, Robinson is unable to demonstrate prejudice. Robinson signed a written plea agreement that contained the "nine months" post-release control provision, and all of the other relevant post-release control information. During the plea colloquy he acknowledged having read the written plea agreement, that he discussed it with his attorney, and that he understood it. Thus Robinson cannot say he was not apprised of the requisite post-release control provision he now complains was omitted in his colloquy.[2] *State v. Billenstein*, 3d Dist. No. 10-13-10, 2014-Ohio-255, ¶ 55; *see also State v. Brown*, 8th Dist. Cuyahoga No. 109007, 2020-Ohio-4474. Robinson is unable to demonstrate any prejudice based on the record before us. For all of these reasons, Robinson's assignment of error is overruled.

*Conclusion*

{¶18} For the foregoing reasons Robinson's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

---

[2] Although not directly relevant to a determination of whether Robinson would have otherwise entered his plea, Robinson received a substantial benefit from his plea agreement and the trial court even followed the joint sentencing recommendation of community control. Notably, if Robinson's plea was vacated he would be back in the position he was in before the plea, facing multiple felony charges, including a second degree felony.