[Cite as *State v. Day*, 2021-Ohio-164.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2020-07-042 |
| | | CA2020-07-043 |
| | : | |
| - vs - | : | O P I N I O N |
| | : | 1/25/2021 |
| JEFFREY SCOTT DAY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 20CR36596 and 20CR36706

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Tyler J. Hoffer, 24 1/2 North Broadway Street, Lebanon, Ohio 45036, for appellant

**PIPER, J.**

{¶1} Appellant, Jeffrey Day, appeals the sentence imposed by the Warren County Court of Common Pleas after being convicted of domestic violence and violating a protection order.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purpose of issuing this opinion.

{¶2}     Police received an emergency dispatch reporting a man repeatedly punching an elderly woman inside a vehicle.  Upon responding, officers located Day and his 81-year-old mother sitting in a vehicle.  While speaking with Day's mother, officers observed abrasions on her face, as well as bruises forming above her eye.  Police were familiar with Day, as he had a history of abusing his mother and her late husband.  A protection order was issued against Day, prohibiting any contact with his mother.  However, on multiple occasions, Day called his mother on the telephone.

{¶3}     Day was charged with domestic violence and violating a protection order.  He pled no contest to the charges and the trial court found him guilty.  The trial court sentenced Day to 24 months on the domestic violence charge and six months for violating the protection order.  The trial court ordered the sentences consecutive to one another for an aggregate sentence of 30 months in prison.  Day now appeals his sentence, raising the following assignment of error:

{¶4}     THE WARREN COUNTY COMMON PLEAS COURT'S FINDINGS WERE NOT SUPPRORTED [sic] BY THE RECORD AND THE SENTENCING FACTORS WERE NOT PROPERLY CONSIDERED.

{¶5}     Within his sole assignment of error, Day challenges the sentence imposed by the trial court.

{¶6}     R.C. 2953.08(G) defines the standard of review for felony-sentencing appeals.  *State v. Jones*, Slip Opinion No. 2018-0444, 2020-Ohio-6729.  R.C. 2953.08(G)(2) provides,

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section

2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 42.

{¶8} The record indicates that the trial court considered the sentencing factors according to R.C. 2929.11 and 2929.12, as demonstrated in the trial court's sentencing entry and its sentencing colloquy. The trial court also properly imposed postrelease control during the sentencing hearing and in the sentencing entry. Lastly, the trial court's 30-month and 6-month sentences are within the proper statutory range for committing a third-degree felony and a fifth-degree felony.[2] Thus, the trial court's sentences are not contrary to law as they relate to the individual convictions for domestic violence and violating a protection order according to R.C. 2953.08(G)(2)(b).

{¶9} However, upon review of the record, we find that the trial court erred in imposing consecutive sentences without first making the requisite findings at the sentencing hearing.

{¶10} R.C. 2929.14(C)(4) requires the sentencing court to engage in a three-step process when imposing a consecutive sentence. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find,

> (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender,

---

2. The domestic violence conviction was a felony of the third degree given Day's past domestic violence conviction and the age of his mother. The violating a protection order conviction was a felony of the fifth degree because Day was previously convicted of violating a protection order.

(2)    consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and

(3)  one of the following applies:

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11}  The trial court's R.C. 2929.14(C)(4) findings are required to be made at the sentencing hearing and incorporated into the court's sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.  While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings.  *Id.*;  R.C. 2953.08(G)(2)(a).

{¶12}  Upon reviewing the transcript of the trial court's sentencing hearing, the trial court failed to make findings regarding its imposition of the consecutive sentence.  Thus, we are unable to say that it is clear from the record that the court engaged in the required sentencing analysis prior to ordering Day's sentences to be served consecutively.

{¶13}  The assignment of error is well taken insofar as the consecutive sentences are hereby reversed and this matter is remanded for the limited purpose of addressing the

consecutive sentence requirements under R.C. 2929.14(C)(4) in resentencing Day.

{¶14}  In all other respects, the judgment of the trial court is affirmed.

{¶15}  Judgment reversed in part and remanded.

M. POWELL, P.J., and S. POWELL, J., concur.